HON. ROBERT P. WHALEN, M.D. Commissioner of Health Department of Health
You have requested my opinion whether members of various advisory committees, which serve the Commissioner of Health on an intermittent basis, are eligible for indemnification pursuant to either Public Officers Law, § 17, or Public Health Law, § 14-a. In particular, you refer to the Cardiac Advisory Committee, the members of which provide their expertise in reviewing facilities around the the State and receive $150.00 per day in lieu of expenses.
Public Officers Law, § 17, confers the duties and benefits of that section upon officers and employees of the State. I have in a prior opinion expressed the view (1975 Op. Atty. Gen. 59) that "it is the actual facts of the relationship rather than the name or form given to it" that determines whether or not an individual is an "employee" within the meaning of this section. It seems clear to me that both the substance and the form of the relationship between the department and this Committee are not of the kind contemplated by Public Officers Law, § 17. Besides the fact that the members of the Committee are not treated as employees for the purposes of payroll and employee benefits, the service that they render to the Department is intermittent and advisory, and performed primarily out of a sense of public duty, rather than for personal gain.
The same factors, however, lead me to the conclusion that, notwithstanding the fact that Committee members receive an allowance in lieu of expenses, they serve the Department of Health and people of the State as volunteers, and should be included within the scope of Public Health Law, § 14-a.
That section provides, in pertinent part that the State shall provide for representation, fees and expenses
 "necessarily incurred in, the defense of an authorized participant in the health volunteer program of the department in any civil action * * * and the state shall save harmless and indemnify such authorized participant * * *."
Incidentally, if it is not your practice to do so already, I would suggest that you state in the letter or statement by which you appoint a member of the Committee that he is thereby "authorized" to participate in the "volunteer program" of the Department of Health.
Section 17 of the Public Officers Law similarly provides that
 "the state shall save harmless and indemnify" its officers and employees "* * * from financial loss arising out of any claim, demand, suit or judgment * * *."
It has been held that this duty to indemnify may also include the costs of representation where the Attorney General does not represent the officer or employee. (Mtr. of Prajka v. State, ___, Misc.2d ___, [Sup. Ct., Albany Co., COBB, J., decided July 5, 1977].) Both Public Officers Law, § 17 and Public Health Law, § 14-a condition the obligation of the State on compliance by the covered individual with certain standards, i.e., that he was acting in the discharge of his duties and that the damages did not result from a "willful and wrongful act or gross negligence * * *" and that the individual deliver a copy of papers served upon him to the State, allow the State to control his representation, and cooperate with the State in the defense against the claim, demand or suit.
The similarities between Public Officers Law, § 17, and Public Health Law, § 14-a reinforce my conclusion that the members of the Committee, which is the subject of this inquiry, ought to be indemnified. It seems unlikely that the Legislature intended, or that we should find, a gap in this scheme of coverage, unless such an exception is clearly indicated by the words of the statute or its legislative history.
You further inquire whether the payment of a per diem in lieu of expenses precludes consideration of Committee members as volunteers. I assume that such payment is made in the interest of economy to the department and approximates the actual and necessary expenses incurred by the members of the Committee. On that basis, I conclude that it is unnecessary to change the mode of reimbursement of expenses in order to assure that these individuals fall within the scope of Public Health Law, § 14-a.